USAO-EDKY-LEX MAY 17 '16 PM 1:29

Eastern District of Kentucky
**F I L E D**

JUN - 1 2016

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CRIMINAL ACTION NO. _____**

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                    **PLEA AGREEMENT**

ANTHONY TYLER CORNETT                                                                  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Information, charging a violation of 30 U.S.C. § 820 (c) & (d), willfully violating a mandatory safety standard of the Mine Safety Act.

2. The essential elements of Count 1 are:

    (a) Commonwealth Mining, LLC, was engaged in the business of operating a coal mine in Kentucky subject to the Federal Mine Safety and Health Act of 1977, Title 30, United States Code, Section 801 *et seq.* (hereinafter "the Mine Safety Act");

    (b) On or about the date mentioned in the Information, the Defendant was employed in a supervisory capacity for Commonwealth Mining, LLC, specifically as a Highwall Foreman;

    (c) On or about the date mentioned in the Information, the Defendant violated the mandatory safety standard set forth in the Information; that is, Title 30, Code of Federal Regulations, Section 77.1502; no person shall be permitted to enter an auger hole except with the approval of the MSHA Coal Mine Safety and Health District Manager of the district in which the mine is located and under such conditions as may be prescribed by such managers.

    (d) The Defendant acted willfully.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) At all times material hereto, Commonwealth Mining, LLC, was engaged in the business of operating a coal mine in Kentucky subject to the Federal Mine Safety and Health Act of 1977, Title 30, United States Code, Section 801 *et seq.* (hereinafter "the Mine Safety Act").

(b) At all times material hereto, Commonwealth Mining, LLC, located near Pineville, Kentucky, in Bell County, within the Eastern District of Kentucky, was a coal mine subject to the Mine Safety Act because its products affected interstate commerce.

(c) At all times material hereto, **ANTHONY TYLER CORNETT** was employed by Commonwealth Mining, LLC as a Highwall Foreperson.

(d) At all times material hereto, Title 30, Code of Federal Regulations, Section 77.1502, a mandatory safety standard, was in effect and required that no person shall be permitted to enter an auger hole except with the approval of the MSHA Coal Mine Safety and Health District Manager of the district in which the mine is located and under such conditions as may be prescribed by such managers.

(e) On or about October 7, 2014, **CORNETT** was working at Tinsley Branch Mine as a Daytime Highwall Foreperson. On that date, **CORNETT** was operating a highwall mining machine and supervising forklift operator, Justin Mize.

(f) Also on October 7, 2014, **CORNETT** knowingly and willfully permitted Mize to crawl 37 feet into an unsupported auger hole in order to retrieve a cutter head chain that had broken off the highwall mining machine. At that point, a large section of rock fell from the roof.

(g) Mize was struck as a result of the rock fall and ultimately died from his injuries.

4. The statutory punishment for Count 1 is imprisonment for not more than 1 year, a fine of not more than $250,000, and a term of supervised release of not more

than 1 year. A mandatory special assessment of $25 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2015, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2X5.2, the base offense level is 6.

    (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant also agrees that, within 10 days of the court accepting this plea agreement, he will return all of his state mine foreman certifications to the appropriate Kentucky state licensing authority and will notify that authority that, as a condition of this plea agreement, he is permanently forfeiting all of his state mine foreman certifications. The Defendant shall provide a copy of that notification to the United States Probation Office, the Office of the United States Attorney for the Eastern District of Kentucky, the MSHA District Manager for District 7 in Barbourville, Kentucky, and the top mine official at any mine where he may be employed. The Defendant further agrees that he will never again seek to obtain mine foreman certifications in Kentucky or any other state, and that he will never again act, or seek to act, in the capacity of a mine foreman, section foreman, etc., or engage in any of the responsibilities of a foreman on a permanent or temporary basis, or assist any foreman in the carrying out of the responsibilities of a foreman.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph

4

examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds

posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 6-1-16     By: _____ / for
                     Erin M. Roth
                     Assistant United States Attorney

Date: 5/13-/16

Anthony Tyler Cornett
Defendant

Date: 5/13/16

Billy Shelton
Attorney for Defendant

7